UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH O'QUINN,

    Plaintiff,

vs.

    Case No. 3:16-cv-1478-J-39PDB

LIEUTENANT SIKES,

    Defendant.

## ORDER

### I. Status

Plaintiff Joseph O'Quinn, an inmate of the Florida Department of Corrections (FDOC), initiated this case by filing a pro se Civil Rights Complaint Form (Complaint) (Doc. 1).[1] He is proceeding on an Amended Complaint (Amended Complaint) (Doc. 37). In the Amended Complaint, Plaintiff named as Defendants Warden Anderson, Assistant Warden Mallard, Lieutenant Sykes [sic], Captain T. Ford, Sgt. Swift, Sgt. McNeil, Officer Sikcier, Officer Grimes, and Officer Morris. At this juncture, the remaining Defendant is Lieutenant Sikes.

Defendant Sikes' Motion to Sanction Plaintiff (Motion) (Doc. 97) is pending before the Court. In the Motion, Defendant Sikes

---

[1] In this opinion, the Court references the document and page numbers designated by the electronic filing system.

asserts Plaintiff intentionally forged a document and submitted it to the Court. Moreover, Defendant Sikes contends this submission was not a mistake, but was a deliberate act. Plaintiff did not file a response to the Motion, and the Court directed Plaintiff to show cause, by July 24, 2018, why the sanction of dismissal of the case and other sanctions should not be imposed. Order (Doc. 102). In response to this Order, Plaintiff filed his Response (Doc. 108) and Declaration (Doc. 109). He denies the fraud allegation and makes a counterclaim for sanctions and compensatory relief for having to address the Motion. (Doc. 108 at 5).

The Court will provide a brief history of the case in order to provide context for the Motion. In his original Complaint, Plaintiff named both Lieutenant Sykes [sic] and Glen Sikcier as Defendants, as well as other FDOC employees. Complaint at 1. Attached to the Complaint is a copy of Plaintiff's grievance, No. 215-1509-0046, dated September 2, 2015, and the Response, dated September 8, 2015. (Doc. 1 at 9). Thus, Plaintiff had a true copy of the original document from the inception of the case.

In pertinent part, the Request states:

> I grieve that in the month of July 2015, and the month of August 2015, several requests to Lt. Sykes (the housing officer), were filed where I requested that I/M Diaz, and myself to be separated. I got no reply, and was not separated. Because of this I was attacked, and cut with a razor.

Id.  The Request bears Plaintiff's signature and his FDOC inmate number.  Id.

The Response reads as follows: "[o]n September 28, 2015 you were placed in H1-112L Administrative Confinement pending disposition of an investigation initiated by Captain T. Ford."  Id.  The grievance is marked "[a]pproved."  Id.  This approval is followed by the printed name of the official signing the document: "Glenn Sikes Lt[,]" followed by his signature and the date of response.[2]  Id.

Plaintiff submitted this document to the Court on two other occasions: with the Amended Complaint (Doc. 37-1 at 1), filed on April 19, 2017, and with his Pretrial Narrative Statement (Doc. 90-1 at 1).  Notably, Defendants attached the document to their Motion to Dismiss (Doc. 42-1 at 2).

The record shows Glenn Sikes acknowledged receipt of service of process for "Lt. Sykes" on January 19, 2017 (Doc. 20) upon service of the Complaint.  After Plaintiff filed his Amended Complaint, Glenn Sikes mistakenly acknowledged receipt of service

---

[2] A factor which contributed to the Court's confusion over the signature, is Glenn Sikes actually signed the return of service for "Glen Sikcier" (Doc. 45), as well as his own return of service (Doc. 20). The Court, in its Order (Doc. 94), mistakenly construed Defendant Sikes' signature as the signature of Glen Sikcier. See Order (Doc. 94) at 2. The Court notes that Glenn Sikes, in institutional documents, signs his name, closely followed by his position "Lt[.]"

for "Glen Sikcier" (Doc. 45) on May 10, 2017.[3]  Notably, Glenn Sikes printed the name "Glenn Sikes" and signed the document.  <u>Id</u>.

Defendants Anderson, Grimes, Ford, McNeil, Morris, and Sykes[4] [sic] filed a Motion to Dismiss (Doc. 42) the Amended Complaint. In Plaintiff's Objection to the Defendants' Motion to Dismiss (Doc. 51), Plaintiff first submitted the questionable document to the Court (Doc. 51-1).  Upon a closer review, although the Request portion of the document contains the same words as the actual grievance, the words are not perfectly aligned with those of the actual grievance.  More importantly, in comparing the Response portion of the document (Doc. 51-1) to the actual grievance, there are glaring alterations.  Plaintiff marked out "September" and wrote "August" 28, 2015 (Doc. 51-1).  Even more disconcerting however, is Plaintiff changed the signature line, both printing and signing the name "Glen Sikcier[.]"

Plaintiff repeated this conduct when he responded to the Motion to Dismiss filed by Mallard, Sikcier, and Swift (Doc. 56). Plaintiff, in his Objection to the Defendants' Motion to Dismiss (Doc. 61), included the altered document as an exhibit to the response (Doc. 61-1).

---

[3] Defense counsel did not bring Glenn Sikes' mistake to the attention of the Court.  Instead, defense counsel filed a Motion to Dismiss on behalf of Defendant Sikcier (Doc. 56), which was granted by the Court.  <u>See</u> Order (Doc. 64).

[4] Plaintiff referred to Defendant Glenn Sikes as "Lt. Sykes" in both the original and amended complaints (Docs. 1 & 37).

In its inquiry, the Court undertakes a review of the allegations in the Amended Complaint and asks how the alteration of the grievance document impacts the case. In the Amended Complaint, Plaintiff names "Lieutenant Sykes (Housing Ofc.)" and "Ofc. Sikcier" as Defendants. Amended Complaint at 3-4. In numbered paragraphs 36 and 37 of the Amended Complaint, Plaintiff alleges the following:

> In the months of July, and August the plaintiff filed three request[s] to Lt. Sykes, and made him aware of the altercations between the two I/M's, and requested to be seperated [sic] before the problem got worst[sic]. Lt. Sykes did not reply to the request, and [plaintiff] was left in harms way.
>
> Ofc. Sikcier, who was in charge of making Lt. Sykes aware of the problem, did not pass the paperwork to Lt. Sykes, or did not. I'm not sure where the request[s] went after plaintiff put them in the request box.

Id. at 9 (paragraph enumeration omitted).

Therefore, Plaintiff alleged Defendant Sikcier was responsible for picking up grievances or requests from a box, but he failed to provide the requests to the housing officer, Lieutenant Sikes. As noted by Defendant Sikes, Plaintiff's case against Sikes might fail, or be weakened, if the person responsible for ensuring that inmate grievances reached the appropriate corrections official was fictitious or not employed at Hamilton Correctional Institution (HCI). Motion at 2.

Of import, HCI did not employ anyone by the name of "Glen Sikcier" or "Glenn Sikcier" from June through September 2015. See Defendants' Exhibit A, Declaration of Donna Kay Blanton, the Human Resource Consultant by the FDOC at HCI (Doc. 97-1). As such, Plaintiff's submission of altered documents, with the name Glen Sikcier printed and signed on the signature line of the form, amounts to fraud upon the Court.

Plaintiff, in his Response, attempts to justify his actions, by stating that when he filed his response to the motion to dismiss (Doc. 61), he was up against a deadline, and he had no choice but to make and submit to the Court a handwritten copy of the document (Doc. 61-1). Response at 2. The Court considers this statement to be an admission by Plaintiff that he wrote and signed the document (Doc. 61-1). The Court finds Plaintiff's excuse for writing the altered document not only weak, but utterly indefensible. The record demonstrates Plaintiff previously submitted copies of the actual grievance to the Court as attachments to the Complaint (Doc. 1 at 9) and the Amended Complaint (Doc. 37-1 at 1). Therefore, all Plaintiff had to do was simply refer to his previously submitted documents contained in the record before the Court when he responded to the motion to dismiss.[5]

---

[5] Defendants submitted the actual grievance to the Court (Doc. 42-1 at 2), and Plaintiff could have referenced that document as well.

Plaintiff, in an apparent attempt to downplay the change he made to the Response portion of the grievance, states he only put a single line through the month of September and wrote August, but it was done without malicious intent. Response at 4. The Court deems Plaintiff's actions inexcusable. The Court will not tolerate the submission of false documents in support of any pleading filed for consideration by the Court. Here, Plaintiff intentionally wrote a document, altered its content, and created the signature of a fictitious individual (or an individual not employed at HCI), whom Plaintiff claimed worked at HCI at the time of the alleged events.[6] Apparently, Plaintiff submitted these altered documents in his responses to potentially dispositive motions in a misguided and dishonest attempt to support the allegations raised in the Complaint and Amended Complaint, bolster his claims against the Defendants, and strengthen the case. See Motion at 2.

Defendant Sikes asks that this Court sanction Plaintiff for submitting this false and misleading information to the Court. Id. at 3. The Court recognizes:

> The court has the authority to control and manage matters such as this pending before it, and plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the

---

[6] Of note, there may be an individual named Glen Sikcier, but such a person was not employed at HCI at the time of the events alleged in the Complaint and Amended Complaint, and he did not sign the response to the altered grievance response, as Plaintiff admits he signed it.

> court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.

Paulcin v. McNeil, No. 3:09CV151/LAC/MD, 2009 WL 2432684, at *3 (N.D. Fla. Aug. 6, 2009).

As noted by Defendant Sikes, Plaintiff is a life-sentenced inmate in close custody confinement,[7] who will likely be undeterred by threats of institutional disciplinary sanctions or the loss of gain-time. Motion at 5. However, the Court may dismiss the case as frivolous or malicious pursuant to the Prison Litigation Reform act. 28 U.S.C. § 1915(e)(2)(B)(i). Indeed, a case may be subject to dismissal based on a plaintiff's actions taken in bad faith or otherwise through use of "manipulative tactics." Bratton v. Sec'y, DOC, No. 2:10-cv-517-FtM-29DNF, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (citation omitted). Here, Plaintiff's manipulative tactic of submitting a fraudulent document to the Court constitutes an abuse of judicial process and the case is due to be dismissed as malicious.

Alternatively, this Court may dismiss the case pursuant to Rule 41(b), Fed. R. Civ. P., because "there is a clear record of willful conduct and the court finds 'that lesser sanctions are inadequate to correct such conduct.'" Mathews v. Moss, 506 F.

---

[7] See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited August 9, 2018).

App'x 981, 984 n.4 (11th Cir. 2013) (per curiam) (quoting Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006)). The record shows Plaintiff submitted a document/grievance response purportedly written and signed by a corrections officer named Glen Sikcier, when it was actually written and signed by the Plaintiff. See Smith v. Bruster, No. 2010 WL 1407763, at *2 (N.D. Fla. Mar. 3, 2010) (report and recommendation) ("Forgery of another individual's name on a legal document is a very serious matter.") report and recommendation adopted by 2010 WL 1407722 (N.D. Fla. Apr. 5, 2010), aff'd by 424 F. App'x 912 (11th Cir. 2011). Not only did Plaintiff write and sign the document, he altered the contents of the original grievance response, changing the month and the name of the signing party. This conduct evinces more than negligence or confusion. See Zocaras, 465 F.3d at 483.

Upon careful consideration of the documents before the Court, the Court finds sanctions are warranted. The Court will not impose the sanction of last resort: a dismissal of the case with prejudice. See Parcher v. Gee, No. 8:09-CV-857-T-23TGW, 2016 WL 7446630, at *9 (M.D. Fla. Oct. 19, 2016) (recounting the factors considered in determining whether a dismissal with prejudice is the appropriate sanction for committing fraud, including "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the centrality of the fraud to the matters at issue in the litigation; (4) the

culpability of the litigant and whether his actions were willful, intentional or in bad faith; (5) the due process/warning given to the offending party that dismis[s]al of the action would be a likely sanction; (6) the efficacy of lesser sanctions; and (7) the public interest in the integrity of the judicial system"), report and recommendation adopted by 2016 WL 7440922 (M.D. Fla. Dec. 27, 2016).

In this regard, Plaintiff's actions have "deviated the defendants from the defense of the case generally, and delayed progression of the case." Id. It has also caused undue confusion, to both the Defendant and the Court. Plaintiff's actions have caused significant prejudice to Defendant Sikes, requiring him to expend resources to establish that Plaintiff submitted a fraudulent document to the Court. Plaintiff has interfered with the judicial process, wasting both the Defendant's time and the Court's valuable and limited resources. The fraud goes to matters at issue in the litigation, as Plaintiff alleges in the Amended Complaint Defendant Glen Sikcier was "in charge of making Lt. Sykes [sic] aware of the problem," and Glen Sikcier was responsible for seeing that Plaintiff's grievances/requests were provided to the housing officer. Amended Complaint at 9.

Plaintiff's actions were willful, as he admits he wrote the document and altered its content. Although there is no evidence of a much larger scheme by the Plaintiff to defraud the Defendant and

the Court, Plaintiff has certainly disrupted these proceedings, caused undue confusion and unnecessary delay, and has presented false and misleading evidence to the Court for its consideration. On July 10, 2018, this Court put Plaintiff on notice that the sanction of dismissal and other sanctions were being considered, and directed him to show cause why the sanctions should not be imposed. Order (Doc. 102). The Court gave Plaintiff an opportunity to respond and warned Plaintiff that failure to respond would result in the dismissal of the case without further notice. Id. Plaintiff submitted a response (Doc. 108).

The Court has considered Plaintiff's response and the efficacy of lesser sanctions than dismissal with prejudice. In considering lesser sanctions, the Court concludes the following: monetary sanctions are generally ineffectual against an inmate proceeding pro se and *in forma pauperis*; striking the document and allowing the case to proceed is insufficient punishment and would invite abuse of the judicial process and other manufactured evidence; a lesser sanction than dismissal of the case without prejudice would not sufficiently protect the integrity of the Court or the interests of the Defendant(s); and finally, a lesser sanction than dismissal without prejudice would not be sufficient to reprimand Plaintiff or to deter him and others from trampling upon the integrity of the Court.

Although there is no doubt the document at issue was executed by Plaintiff as he readily admits he executed the document, the grievance response was not signed under penalty of perjury, and the Court finds dismissal without prejudice with the additional imposition of the sanction of not allowing Plaintiff to re-file the case as a pauper are sufficient sanctions under these circumstances and will sufficiently deter similar conduct. Additionally, unlike Parcher, Plaintiff has not developed a clear pattern of contumacious conduct, and will therefore not be subjected to the most extreme sanction of dismissal with prejudice. The integrity of the judicial system will be adequately maintained by the imposition of the less severe sanction of dismissal without prejudice in this action, while hopefully deterring future parties from engaging in such conduct.

The Court has considered lesser sanctions, other than dismissal without prejudice, and has concluded they will not suffice under the circumstances presented. Under these particular circumstances, where Plaintiff was allowed to initiate his case without the pre-payment of the entire filing fee, the Court finds an additional sanction is appropriate; if Plaintiff chooses to refile his action, he is precluded from proceeding *in forma pauperis*. Finally, Plaintiff's request for sanctions and compensatory relief, contained in his Response (Doc. 108), is due to be denied.

Therefore, it is now

**ORDERED:**

1. Plaintiff's request for sanctions and compensatory relief, contained in his Response (Doc. 108), is **denied**.

2. Defendant Sikes's Motion to Sanction Plaintiff (Doc. 97) is **granted** to the extent that this case is **dismissed without prejudice** due to Plaintiff's submission of an altered document bearing a falsified signature to the Court.

3. The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close the case.

4. If Plaintiff chooses to initiate another case based upon the same or similar facts/issues, he is **precluded** from proceeding *in form pauperis* in such case. If Plaintiff initiates another case based upon the same or similar facts/issues, he must provide a copy of this Order with the complaint filed in the new case, and he must simultaneously submit the full $400 filing fee or face additional sanctions.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of August, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 8/10
c:
Joseph O'Quinn
Counsel of Record